FILED

DEC 2 0 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

Mag. No. _____ (P-571486)

v.

Judge John M. Facciola

Trial Date: December 21, 2005

WARD MOREHOUSE

_____/

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR CHANGE OF VENUE

The United States, by and through its attorney, the United States Attorney for the District

of Columbia, respectfully responds to Ward Morehouse's November 3, 2005 letter to the Court,

which the Government interprets as a motion for change of venue for trial, and states further as

follows:

The Government opposes Mr. Morehouse's request that this matter be transferred to the

United States District Court for the District of Massachusetts for purposes of trial.[1]  In the first

instance, Rule 58 of the Federal Rules of Criminal Procedure, which governs the adjudication of

petty offenses like the case at bar,[2] does not provide for transfer of venue for purposes of trial.

Compare F.R.Cr.P. 58(c)(2) (not providing for transfer of venue for purposes of trial for petty

offenses) with F.R.Cr.P. 21 (providing for transfer of venue for purposes of trial in criminal

cases).  Rather, like Rule 20 of the Federal Rules of Criminal Procedure that has application to

---

[1]  Undersigned counsel spoke with Mr. Morehouse concerning his motion.  He confirmed that his motion was a request for transfer of venue for purposes of trial, not to enter a plea of guilty or nolo contendere.

[2] The government will not seek incarceration of Mr. Morehouse for the violation in question.

criminal offenses, Rule 58 provides for the transfer of venue of a petty offense where the defendant intends to enter a guilty or <u>nolo contendere</u> plea. Mr. Morehouse has no such intent here. <u>See</u> <u>supra</u> footnote 1.

Even if transfer for trial of petty offenses for convenience were countenanced by the Federal Rules of Criminal Procedure, there would be no basis for doing so here. Washington, D.C., is the situs for the crime in this case. Not surprisingly, the prosecutor, all of the Government's witnesses and evidence are located in the Washington metropolitan area. The government anticipants calling at trial at least 3, and perhaps 4, witnesses to prove its case against the defendant. They will describe the demonstration in question, the permit that was issued for it, and the defendant's arrest. If defendant's motion were granted, each of these witnesses would need to travel to Massachusetts for trial. A transfer would also necessitate the selection of new Government counsel (unless arrangements were made for appointment of a Special Assistant U.S. Attorney), and a lag incidental to a fair opportunity for new counsel to become acquainted with the case and to prepare for trial. Conversely, there is no adverse factor of delay in this district. This case is scheduled for trial on December 21, 2005, and the Government will be ready.

The defendant, on the other hand, has made no showing of the convenience of litigating this matter in the District of Massachusetts. Nor could he. None of the witnesses or evidence to this crime – demonstrating in front of the White House without a permit – would be located in Massachusetts. The fact that Massachusetts is where the defendant lives is of no moment. <u>See</u> <u>Jones v. Gasch</u>, 404 F.2d 1231, 1239 (D.C. Cir. 1967) (" 'The fact that Minnesota is the main office or 'home' of the (movant) has no independent significance in determining whether transfer

to that district would be 'in the interest of justice,' although it may be considered with reference to such factors as the convenience of records, officers, personnel and counsel.'")(citation omitted).

WHEREFORE, because the balance of convenience weighs strongly in favor of trying this matter in the District of Columbia, the defendant's motion to transfer should be denied.

Respectfully submitted,

Kenneth L. Wainstein
UNITED STATES ATTORNEY

G. Michael Harvey
ASSISTANT UNITED STATES ATTORNEY
Bar No.447465
Federal Major Crimes Section
555 4th Street, N.W., Room 4243
Washington, D.C.  20530
202/305-2195

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing motion was served by U.S. mail upon the pro se defendant, Wade Morehouse,

this 20th day of December, 2005.

ASSISTANT UNITED STATES ATTORNEY

3